KOEHL v WITT, Sheriff, et

Ohio Appeals, 1st Dist, Hamilton Co

No 3235. Decided Jan 28, 1929

Ratterman & Cowell, Cincinnati, for Koehl.

Waite, Schindel & Bayless and Philip J. Schneider both of Cincinnati for defendant in error Robert F. Thompson.

CUSHING, J.

It is claimed that the service of summons made in Hamilton County was authorized by **Section 11,282 General Code.** That section authorizes the service of summons against one or more of the defendants at the plaintiff's request, when the action is rightfully brought in any county. We do not understand that this section authorizes the service of summons against one defendant in a county other than that in which the action is brought.

The record discloses, however, that on August 6, 1918, the defendant Koehl, through his duly authorized counsel, filed a motion in the court of common pleas of Preble County to make the petition definite and certain. That motion was granted, and an amended petition was filed. Koehl thereby entered his appearance in the action in Preble County. That court then had jurisdiction of the parties and the subject-matter of the action. A jury was

impanelled and the case presented and submitted. Judgment was entered on the verdict against Koehl. Execution was then issued to the sheriff of Hamilton County. The court of common pleas of Hamilton County issued an order enjoining the sheriff from levying on Koehl's property.

The petition in the injunction case states that on December 30, 1920, the action in Preble County was dismissed for want of prosecution. This was due to an order made by the court of common pleas of Preble \County, stating: "The above respective case, being a long time in default for prosecution, will on January 31, 1921, be called in open court, and if remaining in the status as now exists will then be dismissed for want of prosecution."

Counsel claims that this order was an order of dismissal. The most that can be said of this order was that it was a threat. The court at no time made an order dismissing the case, and, as stated, it was afterwards called, set for trial, a jury impanelled, and a verdict returned. Koehl did not file a motion for a new trial in the court of common pleas of Preble County; nor did he prosecute error to the judgment in that county. Any error that was in the service of summons was cured by Koehl entering his appearance.

The court of common pleas of Hamilton County did not have jurisdiction to review the judgment of the court of common pleas of Preble County, Ohio. There may have been error in the judgment of that court, but the proper proceedings for review were not taken, and the court having jurisdiction of the parties and of the subject-matter, its judgment was final.

The action in the court of common pleas of Hamilton County was a collateral attack on the judgment of the court of common pleas of Preble County.

"Where the court has jurisdiction of the parties and the subject-matter, and its judgment is not null and void by reason of being beyond the power and authority of the court to enter, such judgment is not open to collateral attack in an independent proceeding". State ex rel Hawke v. LeBlond, 108 Ohio St. 126, Syllabus 4.

On this state of the record, the judgment of the common pleas of Hamilton County, in dissolving the injunction, enjoining the sheriff of Hamilton County from levying on the property of Koehl will be, and it is hereby affirmed.

Hamilton, PJ, and Ross, J, concur.